**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **MICHAEL J. DAUGHERTY**, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>**ALAIN H. SHEER**, *et al.*,<br><br>    Defendants. | No. 1:15-cv-02034 (TSC) |

**REPLY OF THE INDIVIDUAL FEDERAL DEFENDANTS
IN SUPPORT OF MOTION FOR ENTRY OF FINAL JUDGMENT**

On May 18, 2020, individual-capacity defendants Alain H. Sheer, Ruth T. Yodaiken, and Carl H. Settlemyer, III, moved for entry of final judgment. Docket No. 31. The defendants did so because more than three years ago, the Court dismissed most of plaintiffs' claims, and more than two years ago, the D.C. Circuit rejected the only remaining claim and entered judgment. *See* Docket Nos. 24 & 25; *Daugherty v. Sheer*, 891 F.3d 386 (D.C. Cir. 2018); Case No. 17-5128 (D.C. Cir.), Document No. 1733809 (filed June 1, 2018) (Judgment). This Court has not yet entered its own judgment "set out in a separate document" as Rule 58 contemplates. Fed. R. Civ. P. 58(d); *see DSE, Inc. v. United States*, 169 F.3d 21, 32 n.6 (D.C. Cir. 1999) (remanding for entry of judgment by district court to "formally conclude[ ]" the case). The defendants seek such judgment to ensure finality and certainty, which are especially important in personal-capacity lawsuits. *See, e.g., Vance v. Rumsfeld*, Case No. 06-cv-6964 (N.D. Ill.), Docket Nos. 308 (July 15, 2013) & 311 (Aug. 13, 2013), attached as Ex. 1 (joint motion & order granting motion for entry of judgment after *Bivens* defendant won on some claims in district court and the rest on appeal to the Seventh Circuit).

In the Opposition, plaintiffs make a series of meritless arguments in an effort to justify denying the defendants' motion and allowing a motion to amend the complaint years after the defendants won their appeal.  *See* Docket No. 32 (filed June 1, 2020) ("Opp'n").  First, plaintiffs claim, two Minute Orders entered by the Court on April 13, 2017, and July 6, 2017, show "the Court's anticipation that Plaintiffs' [*sic*] could amend their complaint after Defendants' appeal." Opp'n ¶¶ 6, 8, 17 (citing Apr. 13, 2017 Order and July 6, 2017 Order).  Plaintiffs mischaracterize what the Orders actually say and omit a key limitation they set out.  While the Orders do provide that plaintiffs could move to "return this case to the court's active docket" or "pursue any further relief to which [they] believe they are entitled," the Court did not suggest it "anticipat[ed]" a motion to amend, or any particular action at all.  Opp'n ¶ 17; *see* July 6, 2017 & Apr. 13, 2017 Orders.  And, the Court made clear, plaintiffs could take steps to reopen the case not *years* later, but "*[u]pon resolution of the appeal*."  July 6, 2017 Order (emphasis added); *see* Apr. 13, 2017 Order ("If the Court of Appeals reverses this court's determination as to qualified immunity . . . , Plaintiffs may *at that time* pursue any further relief to which [they] believe they are entitled.") (emphasis added).  The appeal here concluded approximately two years ago.  Plaintiffs made no effort then or at any time since to "return this case to the court's active docket."  July 6, 2017 Order.  Because the Minute Orders directed prompt action after the appeal – if any at all – they do not support plaintiffs' request to re-start the case now.  *Id.*; Apr. 13, 2017 Order.  To the contrary, they show plaintiffs' disregard for the Court's clear instruction.  *Id.*

Next, plaintiffs appear to suggest that other pending litigation matters, Opp'n ¶ 10; some unidentified, recently learned "additional facts," *id.* ¶¶ 12, 14, 17; or another court's 2019 decision on attorneys' fees in a government action against LabMD, *id.* ¶¶ 11, 17, each or all require denying defendants' motion and allowing a motion to amend.  Plaintiffs intimate, in other

2

words, that these circumstances justify their lengthy delay in seeking to reopen the case. *Id*. Plaintiffs cite no legal authority to support this position, and equally problematic, what they attempt to imply is not accurate.

Before filing the motion for entry of judgment, the defendants e-mailed plaintiffs' counsel pursuant to Local Rule 7(m) on April 15, 2020. L. Civ. R. 7(m). In the e-mail, defense counsel requested that plaintiffs consent to a "short motion asking for entry of judgment so the case can be formally closed." *See* Ex. 2 (e-mails between Jean Marie Cunningham and James W. Hawkins (Apr. 15-16, 2020)). On April 16, 2020, plaintiffs' counsel replied by e-mail, asking, "Why do you think the mandate (as filed in the district court) is not a sufficient conclusion to the lawsuit?" *Id*. Plaintiffs – like the defendants – clearly viewed the case as concluded, and plaintiffs thought the mandate filed in district court sufficient evidence of that. *Id*. Consistent with this belief – *not* because they meant to wait for other "facts" or court decisions – plaintiffs took no action whatsoever to reopen the case either after the appeal ended in June 2018 or in the years since. Only now, when the defendants seek entry of judgment under Rule 58, do plaintiffs suddenly claim they are entitled to a "do-over" of their defective lawsuit (through the vehicle of an overhauled new complaint) based on vague and disingenuous representations. *See* Opp'n ¶¶ 13-14 & Opp'n Ex. C ("not final" draft of "amended complaint" plaintiffs propose submitting with a motion to amend in or after July 2020). The Court should not countenance such gamesmanship. Fed. R. Civ. P. 1 (court and parties must act "to secure the just, speedy, and inexpensive determination of every action and proceeding").[1]

---

[1] Although plaintiffs' Opposition is, of course, not a motion to amend, and they characterize their proffered amended complaint as "not final," Opp'n ¶ 13; *see id*. Ex. C, defendants note that the proposed new complaint is in any event wholly without legal merit. To the extent the Court permits plaintiffs to move to amend, the defendants will oppose the motion.

3

Furthermore, case law in the D.C. Circuit and elsewhere shows that plaintiffs' substantial, inexcusable delay in seeking to reopen the case would impermissibly prejudice the defendants if the case were revived now.  In *Samuel v. University of the District of Columbia*, for example, the D.C. Circuit affirmed a denial of plaintiffs' motion to reopen where they delayed "nearly three [] years . . . in moving," and this caused "prejudice to [defendants]."  194 F.3d 175 (D.C. Cir. 1999); *see Shea v. Donohoe Constr. Co.*, 795 F.2d 1071, 1075 (D.C. Cir. 1986) ("unreasonable delay" by counsel will create "presumption of prejudice" to opposing party, and either such "presumed" prejudice or "actual prejudice" may justify termination of litigation).

In *Adams v. Yolen*, the Second Circuit addressed a factual scenario similar to that here and affirmed the denial of plaintiff's "motion to reopen" based on the same "prejudice" principles discussed in *Shea*.  513 F. App'x 64 (2d Cir. 2013).  In particular, the *Adams* court found "even a *pro se* litigant should have realized that a lapse of two years and five months (a total of 29 months) between the event that triggered the right to reopen [termination of plaintiff's bankruptcy proceeding] and the actual motion to reopen is a 'significant delay.'"  *Id*. at 66 (quoting *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 255 (2d Cir. 2004)).  And, because "the delay of two years and five months is indeed very lengthy and here is also inexcusable," the Second Circuit "presume[d] that the defendants in the civil case would be prejudiced if a case filed in 2008 were allowed to be reopened in 2012."  *Id*.  Thus, the district court properly denied the motion to reopen.  *Id*.; *see also Food Basket, Inc. v. Albertson's, Inc.*, 416 F.2d 937 (10th Cir. 1969) (affirming dismissal for failure to prosecute where plaintiff "had not filed an amended complaint nor taken any other court action in the case" for almost eight months after appeal concluded; this "long delay" without "reasonable explanation or excuse for such inaction" warranted dismissal).

Likewise, here, plaintiffs failed to take any action to reopen the case for twenty-four months after the D.C. Circuit decided the defendants' appeal. Plaintiffs' only proffered reasons for their dilatory behavior – namely, other pending litigation, "recently" learned facts, and a December 2019 court decision, Opp'n ¶¶ 10-13, 17 – do not excuse it. Courts routinely reject the press of other business as justification for delay, *see, e.g., Hyatt v. Lee*, No. CV 03-901 (RCL), 2016 WL 11480814, at *4 (D.D.C. June 6, 2016), and events in December 2019 or at other "recent" times cannot, of course, explain a failure to act in all of the months before that. Because plaintiffs' delay is "indeed very lengthy," "inexcusable," and would require "a case filed in 20[15] . . . to be reopened in 20[20]," the Court must presume prejudice to the defendants here. *Adams*, 513 F. App'x at 66; *see Shea*, 795 F.2d at 1075 ("even without a showing of actual prejudice, . . . '[p]rejudice to defendants resulting from unreasonable delay may be presumed'") (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982)). And that requires the Court to end the litigation once and for all by entering a judgment of dismissal. *Id.* at 1074-75 ("dismissal of the case, or any portion thereof . . . appropriate" to negate "presumed" prejudice).[2]

---

[2] The defendants face "actual" prejudice as well. *Shea*, 795 F.2d at 1074-75. Mr. Sheer retired from federal service in March 2018. Any time spent on this case going forward comes not from Mr. Sheer's work schedule at the FTC, but from his own time. In addition, countering a new complaint like the "not final" one plaintiffs submitted would mean re-starting this litigation almost from scratch, years after all activity in the case had ceased. *See Redmon v. U.S. Cap. Police*, No. 13-CV-1323 (TSC), 2015 WL 4623712, at *3 (D.D.C. July 31, 2015) (Chutkan, J.) (denying motion to reopen case in Rule 60(b) context where defendant "would face substantial prejudice," because "reopening the case now would force [the defendant] to relitigate the case again over two years later"). Also, the FTC's investigation of LabMD (that prompted plaintiffs' dismissed *Bivens* claims and the "not final" sample amended complaint, Opp'n Ex. C) commenced more than a decade ago. None of the defendants has participated in the matter for years, and information relating to the investigation of LabMD's data-security program becomes ever less accessible. Notably, most of these things impose a burden on the Court as well, which is another factor the *Shea* court recognized as justifying dismissal in the face of delay or other misconduct by a party's counsel. 795 F.2d at 1075-77.

Third and finally, plaintiffs claim the parties' "prior agreement that Plaintiffs could amend their complaint" requires denying the defendants' motion and allowing a motion to amend. Opp'n ¶¶ 16-17. Plaintiffs again mischaracterize the record. The defendants agreed in April 2017 to consent to an amended complaint *if* the defendants decided not to appeal the Court's opinion partially denying their motion to dismiss. *See* Docket No. 27 (Apr. 12, 2017) (Joint Mot. to Revise Sched. Order). This was to avoid answering a complaint that could shortly be superseded. In addition, the defendants agreed to consent to plaintiffs' filing of a motion to amend in May 2017 – even if the defendants *did* appeal – as an accommodation to plaintiffs. *Id.* (The Court understandably denied that request, given the jurisdictional problem with it, *see* Apr. 13, 2017 Minute Order.) Simply put, all aspects of the April 2017 agreement were specific to the scheduling order and appeal issues facing the parties at the time and have no bearing on plaintiffs' attempt now, years later, to justify reopening the case and filing a motion to amend. Docket No. 27.

At bottom, plaintiffs seek to revive a lawsuit they themselves believed and treated as long concluded in order to advance new, baseless *Bivens* litigation against federal employees. *See* Opp'n Ex. C ("not final" proposed amended complaint). Plaintiffs have provided no adequate justification for reopening the case now, and their long delay works both presumptive and actual prejudice to the defendants and to the judicial system. *Shea*, 795 F.2d at 1074-77. The Court should grant the defendants' motion for entry of final judgment.[3]

---

[3] The Court also has discretion to dismiss any remaining aspect of this case *sua sponte* for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (courts have inherent power to dismiss *sua sponte* for lack of prosecution); Fed. R. Civ. P. 41(b); L. Civ. R. 83.23 (court may order dismissal for failure to prosecute on its own motion and with prejudice if "the delay in prosecution of the claim has resulted in prejudice to an opposing party); *see, e.g., Food Basket, Inc.*, 416 F.2d at 937-40.

Dated: June 8, 2020

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General, Civil Division

C. SALVATORE D'ALESSIO, JR.
Acting Director, Torts Branch, Civil Division

ANDREA W. MCCARTHY
Senior Trial Counsel, Torts Branch, Civil Division

*/s/ Jean Marie Cunningham*
JEAN MARIE CUNNINGHAM
DC Bar No. 456699
Senior Trial Attorney
Torts Branch, Civil Division
United States Department of Justice
P.O. Box 7146, Ben Franklin Station
Washington, DC 20044
T: (202) 616-4164
F: (202) 616-4314
E-mail: Jean.Cunningham@usdoj.gov

*Counsel for Individual-Capacity Defendants Alain H. Sheer, Ruth T. Yodaiken, and Carl H. Settlemyer, III*