```
                    BEFORE THE UNITED STATES DISTRICT COURT
                          FOR THE DISTRICT OF COLUMBIA


    MICHAEL J. DAUGHERTY, et al.,    .
                                     .  Case Number 15-cv-2034
             Plaintiffs,             .
                                     .
         vs.                         .
                                     .
    ALAIN H. SHEER, et al.,          .  March 18, 2022
                                     .  11:23 a.m.
             Defendants.             .
    - - - - - - - - - - - - - - - - -


                       TRANSCRIPT OF PROCEEDINGS
                  BEFORE THE HONORABLE TANYA S. CHUTKAN
                       UNITED STATES DISTRICT JUDGE

    APPEARANCES:

    For the Plaintiffs:        BRANDON R. NAGY, ESQ.
                               Stinson LLP
                               1775 Pennsylvania Avenue Northwest
                               Suite 800
                               Washington, D.C. 20006

                               JEFFREY J. GOULDER, ESQ.
                               Stinson LLP
                               1850 North Central Avenue
                               Suite 2100
                               Phoenix, Arizona 85004

    For the Defendants:        JEAN MARIE CUNNINGHAM, ESQ.
                               U.S. Department of Justice
                               Civil Division
                               P.O. Box 7146
                               Washington, D.C. 20044

    Official Court Reporter:   SARA A. WICK, RPR, CRR
                               United States District Court
                                 for the District of Columbia
                               333 Constitution Avenue Northwest
                               Washington, D.C. 20001
                               202-354-3284

    Proceedings recorded by stenotype shorthand.
    Transcript produced by computer-aided transcription.
```

```
 1                         P R O C E E D I N G S
 2              (Call to order of the court.)
 3              (All participants present via video conference.)
 4              COURTROOM DEPUTY:  Your Honor we have Civil Action
 5    15-2034, Michael Daugherty, et al., versus Alain Sheer, et al.
 6         I will ask that plaintiff counsel identify yourself first,
 7    followed by defense counsel.
 8              MR. NAGY:  Good morning, Your Honor.  Brandon Nagy on
 9    behalf of the plaintiffs.  Plaintiff Michael Daugherty is also
10    here on Zoom watching, and Jeff Goulder, who also represents the
11    plaintiffs, is also on Zoom.
12              THE COURT:  Good morning.  Mr. Nagy -- is that how
13    your name is pronounced?
14              MR. NAGY:  That is correct, Your Honor.
15              THE COURT:  Will you be speaking on behalf of the
16    plaintiffs today?
17              MR. NAGY:  I will, Your Honor.
18              THE COURT:  Okay.  Thank you.
19         For the defense?
20              MS. CUNNINGHAM:  Yes.  Good morning, Your Honor.  This
21    is Jean Marie Cunningham for the United States Department of
22    Justice.  I represent the individual capacity defendants, as
23    well as nonparty former FTC Attorney Laura Riposo Vandruff.
24              THE COURT:  And good morning.
25         Mr. Daugherty, is that you I am seeing on the screen?
```

1         MR. DAUGHERTY:  Yes, you are, Your Honor.  Good
2    morning.
3         THE COURT:  Good morning.
4       Okay.  We are doing this video conference -- given the
5    current global pandemic, we're doing this by video.  I
6    understand that Mr. Nagy was opposed to a virtual hearing, but I
7    don't have any reason to question the sincerity or the
8    genuineness of Ms. Cunningham's rationale for requesting a
9    virtual hearing.  And so we are going to go forward virtually.
10        And thank you all for being on time.  I apologize we were
11   late.  I had a plea that broke down, and it took some time to
12   deal with that.
13        All right.  This case stems from a 2008 data breach at
14   Plaintiff LabMD, Inc., which is a now-defunct Georgia-based
15   cancer detection company run by Plaintiff Michael Daugherty.
16   That breach resulted in a file with sensitive health data
17   becoming available on a peer-to-peer file sharing network.
18        And as a result of that breach, the Federal Trade
19   Commission began in 2010 investigating LabMD's data security
20   practices.  That investigation was led by FTC Attorneys Alain
21   Sheer, Ruth Yodaiken, and Carl Settlemyer III.  The
22   investigation lasted about three years and resulted in the FCC
23   filing an administrative complaint against LabMD on August 28th,
24   2013.
25        Two years later, an FTC administrative law judge issued an

1  initial decision dismissing the complaint after concluding that
2  LabMD had not engaged in unfair acts that were likely to cause
3  substantial injury to consumers.
4      Plaintiffs filed a complaint in this case the very next day
5  alleging six *Bivens* violations -- three First Amendment claims,
6  one Fourth Amendment, and one Fifth Amendment claim -- as well
7  as one count of conspiracy on the part of FTC staff Sheer,
8  Yodaiken, and Settlemyer.
9      The defendants moved to dismiss, and this Court granted the
10 motion as to all claims against Settlemyer, the Fourth and Fifth
11 Amendment claims against Sheer and Yodaiken, and the conspiracy
12 claims against Sheer and Yodaiken.  And I did so in a Memorandum
13 Opinion, ECF Number 24, *Daugherty v. Sheer*, 248 F.Supp.3d, 272
14 at 290.
15     I denied Sheer and Yodaiken's qualified immunity defenses
16 to plaintiffs' First Amendment claims, and an order effecting
17 that judgment was entered contemporaneously on March 31st, 2017.
18     Four days later, the Court entered a minute order directing
19 Sheer and Yodaiken to answer the complaint by April 4th and
20 setting a scheduling conference for April 27th.
21     Thereafter, the parties jointly moved to revise that order,
22 indicating the defendants intended to appeal their qualified
23 immunity denial and that plaintiffs intended to file an amended
24 complaint.  That was ECF Number 27.
25     I partially granted that motion, and I allowed the

1    defendants -- I gave them until May 31st to file an appeal, and
2    that minute order was issued on April 13th of 2021.
3         The Court indicated that if defendants filed an appeal, the
4    case would be stayed pending appeal.  The Court also stated that
5    plaintiffs had, and I quote, "provided no authority for allowing
6    a motion to be filed for leave to amend the complaint subsequent
7    to the defendants' notice of appeal.  If the Court of Appeals
8    reverses this Court's determination as to qualified immunity or
9    any other immediately applicable matter, plaintiffs may at that
10   time pursue any further relief to which they believe they are
11   entitled."
12        On May 26, defendants noticed their appeal, and this Court
13   administratively closed the District Court case on July 6, 2017.
14   In doing so, I stated, "Upon resolution of the appeal" -- it was
15   Number 17-5128 -- "the parties may file a motion to return this
16   case to the Court's active docket."
17        Now, an administrative closure pauses and removes a case
18   from the Court's active docket.  There are numerous cases which
19   state this, including *Lockey v. Fudge*, 2021 WL 2514685 at 3,
20   which cites *Papotto v. Hartford Life Insurance*, 731 F.3d 265 at
21   275 to 276.  And there are other cases in that vein.
22        The D.C. Circuit ruled on June 1st, 2018, and it reversed
23   this Court's findings that defendants were not entitled to
24   qualified immunity.  And that is *Daugherty v. Sheer,* 891 F.3d,
25   386 at 392.

1          After the Court of Appeals issued its ruling, plaintiffs
2   did not file a motion to return the case to the Court's active
3   docket, nor did they proceed with any form of relief in this
4   court.  Instead, they petitioned the court, the D.C. Circuit,
5   for a rehearing en banc.  That petition was denied on
6   August 3rd, 2018.  The circuit issued its mandate on this
7   court's docket on August 16, 2018, and that's ECF Number 30.
8          Plaintiffs continued to seek appellate review, filing a
9   petition for a writ of certiorari on January 2nd, 2019, with the
10  Supreme Court.  The Supreme Court denied that petition on
11  March 4th, 2019.
12         Neither party took any further action in this case for over
13  a year.  And on May 18th, 2020, defendants moved for an entry of
14  final judgment.  That pleading was ECF Number 31.  Defendants
15  argued that because the Court had not entered final judgment as
16  contemplated by Federal Rule of Civil Procedure 58(a), they were
17  entitled to move for such entry pursuant to Rule 58(d).
18         Plaintiffs opposed the motion, asking the Court to defer a
19  decision on defendants' motion until July 14th, 2020, to allow
20  them, first, to obtain substitute trial counsel; second, to file
21  a motion for leave to file an amended complaint; and third, to
22  file a motion to return this case to the Court's active docket,
23  as contemplated by my July 6 order.  And they filed this -- this
24  is ECF Number 32.  Plaintiffs attached a draft amended complaint
25  to their opposition.

1            In support of their opposition, plaintiffs cited an
2    Eleventh Circuit case awarding plaintiffs attorneys' fees in a
3    different case against defendants and arguing that that ruling
4    in the Eleventh Circuit had a significant bearing on the amended
5    complaint plaintiffs wished to file in this case.
6            Plaintiffs also stated without further explanation that
7    several critical facts have recently come to light that will
8    enable plaintiffs to amend the complaint to adequately state
9    violations for plaintiffs' First, Fourth, and Fifth Amendment
10   rights and to defeat qualified immunity.  That was paragraph 12
11   of their opposition.
12           Although plaintiffs opposed defendants' motion for entry of
13   final judgment, they did not move to reopen, as contemplated by
14   my July 6 minute order.
15           Defendants' reply provided more authority for their motion,
16   and they cited cases that address the entry of final judgment
17   after a circuit court reverses a district court on the only
18   remaining issues in the case, effectively dismissing it, as well
19   as when prejudice to an opposing party would merit denying a
20   motion to reopen.
21           Defendants also included the following e-mail exchange
22   between defense counsel and plaintiffs' former trial counsel
23   addressing their Local Civil Rule 7(m) obligation to meet and
24   confer on nondispositive motions, and the exchange went as
25   follows:

1      Cunningham, counsel for the defendants, stated, "Though the
2 case ended some time ago, the district court never formally
3 entered judgment.  We'd like to file a short motion asking for
4 entry of judgment so the case can formally be closed."
5      In response, counsel -- plaintiffs' then counsel, Mr. James
6 Hawkins, stated, "Why do you think the mandate as filed in the
7 district court is not a sufficient conclusion to the lawsuit?"
8      And that e-mail is dated April 16th, 2020, and it's
9 attached at ECF Number 33.
10     Plaintiffs then filed a supplemental brief arguing that
11 defendants were acting in bad faith by opposing their efforts to
12 amend their complaint or find new trial counsel, arguing that
13 fairness dictates plaintiffs should be given until July 14th,
14 2020, to file their motion for leave to amend with new counsel.
15 And that supplemental brief is ECF Number 34.
16     July 14th came and went, and plaintiffs had neither
17 obtained new counsel nor moved for leave to amend.  Plaintiffs
18 then filed what they characterized as a surreply to defendants'
19 motion for entry of final judgment, addressing questions of
20 prejudice and delay associated with their motion for leave to
21 amend, which they still had not filed.  And that's ECF Number
22 36.
23     Plaintiffs also stated that the e-mail exchange and their
24 opposition to the motion for entry of final judgment was because
25 of counsel's view that defendants were asking the Court to

1   perform a useless task, to enter a judgment where a judgment has
2   already been entered in this case.
3       Further briefing ensued.  In November 2021, defendants
4   filed a motion to file a supplemental brief in favor of entry of
5   final judgment, noting again that over two years after the
6   Supreme Court denied petition for certiorari plaintiffs still
7   have not moved to reopen the case.  And that supplemental brief
8   is ECF Number 37.
9       Plaintiffs' response to that supplemental brief again
10  discussed a as-yet unfiled motion for leave to file an amended
11  complaint.
12      Now, having secured new counsel, plaintiffs have filed two
13  new motions.  The first is a motion for leave to file a response
14  to defendants' November 2021 brief, and the second is a motion
15  for leave to file an amended complaint.  Those are ECF Numbers
16  42 and 43.  Those motions are now fully briefed.
17      So to summarize where we are, the Court administratively
18  closed this case pending appeal in July of 2017.  The Court
19  informed plaintiffs that to reopen the case they would have to
20  file a motion to return the case to the Court's active docket.
21      After plaintiffs' appeals proved unsuccessful, they took no
22  action to return the case to the active dockets.  Instead, a
23  year after the Supreme Court denied certiorari and foreclosed
24  any further appellate review and after defendants' moved for an
25  entry of final judgment, plaintiffs finally took action.  But

1    instead of filing a motion to reopen the case, they instead
2    filed an opposition to defendants' motion for entry of final
3    judgment.
4         It was not, however, the required motion to reopen.  And
5    most importantly, plaintiffs' communication with counsel and
6    their own substantive motion indicate that they believed that
7    judgment in this court was final and that the only remaining
8    issue was their desire to amend their complaint.
9         Now, having obtained new trial counsel, plaintiffs' brief
10   barely mentioned this Court's requirement that they seek to
11   reopen this case, instead focusing solely on their arguments in
12   favor of their motion for leave to amend.
13        Now, Federal Rule of Civil Procedure 58(a) requires that
14   every judgment be set forth in a separate document.  After the
15   mandate of the D.C. Circuit was docketed on August 16th, 2018,
16   this Court neglected to enter judgment in a separate order.  If
17   a court fails to enter judgment in a separate order, Rule 58(d)
18   allows the parties to request entry to protect all needs for
19   prompt commencement of the periods for motions, appeals, and
20   execution of other enforcement.  And that's in the Committee
21   Notes on Rules in the 2002 Amendment.
22        Neither party so moved until May 18th, 2020, 642 days after
23   the mandate of the D.C. Circuit was docketed.  Rule 58(c)(2)(B)
24   is clear.  If the Court errors by not entering final judgment in
25   a separate document, judgment is considered entered 150 days

1   from the entry of any other document that might otherwise
2   constitute a final judgment.  I'm citing *Cambridge Holdings*
3   *Group, Inc., v. Federal Insurance Company*, 489 F.3d 1356 at 1363
4   and -64.  Also *Goddard v. Service Employees International Union*
5   *Local 32BJ*, and that's at 310 F.R.D. 190 at 192.
6   　　　Now, here, given that this Court did not enter a separate
7   final order, the question is, what, if any, document constituted
8   a final order under Rule 58(c).  If it was the Court of Appeals
9   mandate which was entered on this Court's docket on August 16 --
10  excuse me, August 6th, 2018, this Court's judgment should have
11  been considered final on January 3rd, 2019, 150 days after the
12  Court's mandate issued.  And although the parties have filed
13  several motions since the mandate issued, none of those motions
14  appear to qualify as a final order under Rule 58(c).
15  　　　But the question of what documents start the 58(c)(2)(B)
16  clock is unexplored and unclear.  It is not clear that the
17  docketing of the mandate did or did not suffice.  Given that
18  defendants have instead moved for Rule 58(d) relief, I'm not
19  going to speculate on the question of what document constituted
20  entry of final judgment, and instead, I will consider
21  defendants' motion.
22  　　　So to clarify the procedural posture of the case, the Court
23  ordered the case administratively closed on July 6th, 2017.  For
24  all intents and purposes, an administrative closure just puts a
25  case to sleep, equivalent to a stay.  Again, see *Lockey* at 3,

1  which cites Wright & Miller, Federal Practice and Procedures
2  Section 3914.6 at 539 and Note 29.
3       Now, in the July 6th, 2017, order after defendants' appeal,
4  the Court was clear on how to awaken the case:  "The parties may
5  file a motion to return this case to the Court's active docket.
6  Any such motion shall contain a proposed order for leave to file
7  an amended complaint" -- excuse me.  "Any such motion shall
8  contain a proposed order for moving forward with this case."
9       Plaintiffs have moved for leave to file an amended
10 complaint.  Plaintiffs have also moved to file a supplemental
11 reply to a supplemental brief.  But they have not moved to
12 reopen this case and to return it to the active docket.
13      Plaintiffs argue that the Court's April 13th, 2017, minute
14 order inviting plaintiffs to pursue any further relief to which
15 they believe they are entitled is a broad invitation for this
16 Court to construe plaintiffs' motion for leave to file an
17 amended complaint as a motion to reopen the case and return it
18 to the active docket.
19      But it is a fundamental rule that motions must state with
20 particularity the relief sought and the rationale for any such
21 relief.  Fed.R.Civ.P. 7(b)(1)(B) to (C).  Nowhere in plaintiffs'
22 filings do they seek such relief, let alone state with any
23 particularity grounds for reopening.
24      This comports with plaintiffs' expressed understanding.  In
25 their opposition to defendants' motion for entry of final

1    judgment, plaintiffs acknowledged that they were required to
2    file a motion to return this case to the active docket, the
3    Court's active docket, as contemplated by the Court's July 6,
4    2017, minute order.  And that's at page 1 of their opposition,
5    ECF Number 32.
6         And while conferring with defendants' counsel regarding
7    their motion for entry of final judgment, plaintiffs' counsel
8    indicated in an e-mail its belief that the D.C. Circuit's
9    mandate -- the entry of the D.C. Circuit's mandate on this
10   Court's docket was a sufficient conclusion for the lawsuit.  And
11   that's in the e-mail of James Hawkins to Jean Cunningham, which
12   is attached as Exhibit Number 2 to ECF Number 33.
13        Plaintiffs' impression expressed in the e-mail and
14   expressed in the pleadings that the case is closed and required
15   a motion to reopen before litigation could resume is supported
16   by the length of time, nearly four years, that plaintiffs
17   allowed this case to sit dormant after the circuit's mandate
18   issued.  Having taken no action to reopen and indeed expressing
19   their belief that the litigation had concluded, plaintiffs
20   cannot now expect to restart the proceedings from day 1.
21        The stay only has two outcomes:  A return to the active
22   docket or final termination.  Plaintiffs have not moved for a
23   return to the active docket, while defendants have moved for
24   entry of final judgment, which would terminate this case.
25        The mandate of the D.C. Circuit was clear.  This Court was

1  reversed as to its denial of qualified immunity for defendants
2  Sheer and Yodaiken.  Plaintiffs have presented no rationale in
3  any of their pleadings for opposing entry of final judgment.
4      Thus, there being no remaining claims and plaintiffs having
5  failed to move to reopen this case and there being no grounds to
6  reopen, the Court will grant defendants' motion and enter
7  judgment as contemplated by Rule 58.  The Court will enter its
8  order on defendants' motion for entry of final judgment
9  expeditiously.  And the Court will also enter final judgment in
10 a separate document as contemplated by Rule 58(a).
11     That is my ruling on the motion.  Do the parties want to
12 state anything else for the record?  Mr. Nagy?
13          MR. NAGY:  Yes, Your Honor.
14     Your Honor, at the end of your recitation of the facts and
15 the papers -- and we certainly understand your position and
16 based on prior counsel's statements and lack of filing something
17 specifically called a motion to reopen.
18     I do want to note, though, that in the plaintiffs'
19 pleadings on this very issue in document 43 -- or pardon me, 48
20 for the motion, the reply in support of the motion to file an
21 amended complaint, the parties do explain that they don't
22 believe a motion to reopen -- or pardon me.  Plaintiff explains
23 that a motion to reopen should not be necessary because the
24 Court, two of your fellow judges in the District of D.C. have
25 recognized that filing a petition to amend the complaint is

1  effectively a motion to reopen the case.  So there is support.
2          There is that request there implicit but also in the
3  briefing saying that this is the rationale and this is the
4  effect that plaintiffs are asking for, albeit the motion itself
5  is not captioned with the form "motion to reopen."
6          But otherwise, there is citations, *Edmonds-El v. Maryland,*
7  which the Westlaw cite is 2012 WL 4920306, and that's from
8  October 11th, 2012.  It treated an amended petition for a writ
9  of habeas corpus simultaneously as a motion to reopen and a
10 motion for leave to file an amended petition.
11         And then there was *Brown v. Hill* more recently, at 2018
12 Westlaw 3238696 from March 19th of 2018.  And in that --
13             THE COURT:  Are those citations in your pleadings,
14 Mr. Nagy?
15             MR. NAGY:  They are, Your Honor, yes.
16             THE COURT:  I've considered them.
17             MR. NAGY:  Okay.  Well, in that case, at this point I
18 guess plaintiffs would orally move the Court to reopen the case
19 on the grounds that there has not been prejudice and that
20 there's the various new evidence discussed.  It's in the
21 pleadings, but we're certainly happy to spend a week writing up
22 a specific written motion, if Your Honor would prefer that.
23             THE COURT:  I'm going to deny the motion to reopen.
24 The case has now been concluded.  Thank you.
25         All right.  Thank you, everyone.  Court is adjourned.

```
 1          (Proceedings adjourned at 11:47 a.m.)

 2

 3     - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

 4

 5               CERTIFICATE OF OFFICIAL COURT REPORTER

 6

 7          I, Sara A. Wick, certify that the foregoing is a

 8     correct transcript from the record of proceedings in the

 9     above-entitled matter.

10

11          Please Note:  This hearing occurred during the

12     COVID-19 pandemic and is, therefore, subject to the

13     technological limitations of court reporting remotely.

14

15

16     /s/ Sara A. Wick                     March 23, 2022

17     SIGNATURE OF COURT REPORTER          DATE
```